**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 98-41375**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellant,**

**VERSUS**

**CHRIS ARLO VAUGHAN,**

**Defendant-Appellee.**

Appeal from the United States District Court
for the Eastern District of Texas
(6:97-CR-74-1)

October 14, 1999

Before POLITZ, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The government appeals the district court's decision to depart downward from the United States Sentencing Guidelines (the "Guidelines"). We affirm.

Chris Arlo Vaughan pleaded guilty to a one-count indictment for knowingly possessing and transferring a machine gun in violation of 18 U.S.C. § 922(o)(1). Vaughan had purchased a U.S. Carbine Model M-1 and had commissioned the seller to alter the firearm to fire automatically. A confidential informant, who had previously been under the government's employ, convinced Vaughan to sell the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

weapon.  Thereafter, Vaughan sold the firearm to an undercover agent of the Bureau of Alcohol, Tobacco, and Firearms and was ultimately arrested.

At sentencing, the district court granted Vaughan's motion for downward departure, finding that:

1)   Vaughan bought and held the firearm as a collector's item;

2)   Vaughan sold the firearm because of economic hardship;

3)   Vaughan sold the firearm only after much encouragement by government agents;

4)   Vaughan sold the firearm only after being assured that the buyer was a collector and not a criminal;

5)   Vaughan's background was of an unusually high quality, with an exemplary record in charitable work with the elderly;

6)   there was absolutely no likelihood of recidivism;

7)   Vaughan's commission of the crime was an aberration totally out of character; and

8)   a harsher sentence would be a hardship on Vaughan's stepchildren.

Based on these factors, individually and in combination, the district court concluded that Vaughan's case was outside the heartland of the Guidelines.

The district court's decision to depart from the Guidelines is reviewed for abuse of discretion.[1]  We give due regard to the opportunity of the district court to judge the credibility of the witnesses, and we accept its findings of fact unless they are clearly erroneous.[2]  Moreover, we give due deference to the district court's application of the Guidelines to the facts, as it

---

[1]   *See* **Koon v. United States**, 116 S. Ct. 2035, 2043 (1996).

[2]   *See* **id.** at 2046.

is the judicial actor who is better positioned to decide the issue in question.[3]  Indeed, "[d]istrict courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do."[4]  "To ignore the district court's special competence -- about the 'ordinariness' or 'unusualness' of a particular case -- would risk depriving the Sentencing Commission of an important source of information, namely, the reactions of the trial judge to the fact-specific circumstances of the case . . . ."[5]  Thus, "it is the near-exclusive province of the district court to decide whether a particular factor, or set of factors, removes a case from the applicable heartland."[6]

Having carefully reviewed the briefs, the reply brief, and relevant portions of the record, we are satisfied that, although certain individual factors relied on by the district court would not alone support downward departure, the district court did not abuse its discretion by relying on a combination of all the stated factors to support its decision.[7]  Accordingly, the sentence of the district court is hereby **AFFIRMED**.

---

[3]  *See id.* at 2046-47.

[4]  *Id.* at 2047.

[5]  *Id.* (quoting **United States v. Rivera**, 994 F.2d 942, 951 (1st Cir. 1993)) (internal quotation marks omitted); *see also* **United States v. Threadgill**, 172 F.3d 357, 376 (5th Cir. 1999).

[6]  **Threadgill**, 172 F.3d at 376.

[7]*See Koon*, 116 S. Ct. at 2054 (Stevens, J., concurring in part and dissenting in part).